IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:13cr140-MHT-SRW |
| JOHNATHAN JONES | ) | (WO) |

OPINION AND ORDER

This case is before the court on defendant Johnathan Jones's motion to continue. The government and the co-defendant do not oppose the request. For the reasons set forth below, the court finds that jury selection and trial, now set for October 6, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

>days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendant Jones in a speedy trial. Jones has been indicted for one count of

2

conspiracy to commit mail fraud and wire fraud; five counts of wire fraud; and five counts of mail fraud. He has requested additional time for his attorney to sort through the voluminous discovery in this case, to research and prepare for possible trial, and to attempt to come to a resolution with the government on the matter. Given these circumstances, a continuance in this matter is appropriate.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by defendant Johnathan Jones (doc. no. 34) is granted.

(2) The jury selection and trial for defendant Jones, now set for October 6, 2014, is reset for November 17, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 29th day of August, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE